SLIP OP. 06-97

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| NIPPON STEEL CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | |
|  | : | Before: Jane A. Restani, Chief Judge |
| UNITED STATES, | : | |
| Defendant, | : | Consol. Court No. 99-08-00466 |
| and | : | |
| U.S. STEEL GROUP, A UNIT OF USX CORPORATION, ISPAT INLAND INC., GALLATIN STEEL, IPSCO STEEL, INC., STEEL DYNAMICS, INC., and WEIRTON STEEL CORPORATION, | : | |
| Defendant-Intervenors. | : | |

## MEMORANDUM OPINION AND ORDER

[Defendant's partial consent motion for leave to reliquidate entries of subject merchandise granted.]

Dated: June 27, 2006

Gibson, Dunn & Crutcher, LLP (Daniel J. Plaine and Gracia M. Berg) for the plaintiff.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Kyle E. Chadwick), for the defendant.

Skadden, Arps, Slate, Meagher & Flom, LLP (John J. Mangan, and Robert E. Lighthizer) for defendant-intervenors U.S. Steel Group, a unit of USX Corporation and Ispat Inland Inc.

Schagrin Associates (Roger B. Schagrin) for the defendant-intervenors Gallatin Steel, IPSCO Steel Inc., Steel Dynamics, Inc., and Weirton Steel Corporation.

Restani, Chief Judge:  This matter is before the court on defendant's motion to reliquidate entries of merchandise that were the subject of antidumping duty litigation and which were erroneously liquidated.

**FACTS**

Liquidation of entries of hot-rolled steel subject to the antidumping duty order and produced by Nippon Steel Corporation was suspended by the court's injunction of October 7, 1999.  See Order Granting Mot. Prelim. Inj., Oct. 7, 1999.  The injunction was requested by Nippon Steel to preserve its interests and those of importers of subject merchandise produced by Nippon Steel during the pendency of this litigation.

Notwithstanding this injunction, on July 29, 2005, the United States Department of Commerce ("Commerce") issued liquidation instructions to the United States Bureau of Customs and Border Protection ("Customs") instructing Customs to liquidate twenty-eight entries of subject merchandise produced by Nippon Steel Corporation.  Def.'s Mot. at Attach. 2. Specifically, Customs was instructed to "assess antidumping duties . . . at the cash deposit rate in effect on the date of entry."  Def.'s Mot. at Attach. 2.  On the date of entry, the twenty-eight entries at issue were subject to a cash deposit rate of 18.37%.  Between September 9, 2005, and December 23, 2005, the twenty-eight entries were liquidated and assessed antidumping duties at this rate by the Ports of Buffalo, Chicago, Nashville, New Orleans, San Francisco, Savannah, and St. Louis.

On February 22, 2006, the court entered a final judgment in this case, which established an antidumping duty rate of 21.12% for all entries that occurred between February 19, 1999, and November 21, 2002.  Nippon Steel Corp. v. United States, Slip Op. 06-23, 2006 WL 416369

(CIT Feb. 22, 2006); <u>Final Results of Redetermination Pursuant to Court Remand</u>,

A-588-846, POI 97-98 (Dep't Commerce Nov. 28, 2003), <u>available at</u>:

http://ia.ita.doc.gov/remands/99-08-00466.pdf.  For entries that occurred on or after November

22, 2002, the liquidation rate was set at 19.95%.  At some point after the court's issuance of its

final judgment, Commerce apparently recognized that it had violated the court's injunction with

respect to the twenty-eight entries.  Although defendant's motion provides no information on

how or when Commerce recognized its error, on April 12, 2006, Commerce apparently issued a

correction to its instructions for liquidation of entries of the subject merchandise produced by

Nippon Steel Corporation.  Def.'s Mot. at Attach. 3.

## DISCUSSION

All parties agree that erroneous liquidations occurred here in violation of an

outstanding court injunction.  The court has previously found liquidations in violation of

outstanding injunctions to be void.  <u>See</u> <u>Allegheny Bradford Corp. v. United States</u>, 342 F. Supp.

2d 1162, 1169 (CIT 2004); <u>AK Steel Corp. v. United States</u>, 281 F. Supp. 2d 1318, 1321-23 (CIT

2003);  <u>LG Elecs., U.S.A., Inc. v. United States</u>, 21 C.I.T. 1421, 1428, 991 F. Supp. 668, 675

(1997).[1]  Plaintiff opposes defendant's request to recognize the erroneous liquidations as void

---

[1]  <u>Shinyei Corp. of America v. United States</u>, 355 F.3d 1297 (CIT 2004), recognized the jurisdiction of the Court under 28 U.S.C. § 1581(i) (2000) to order correction of liquidations following antidumping duty litigation, if the erroneous liquidation resulted from improper instructions from Commerce, as in this case.  <u>See</u> <u>Shinyei</u>, 255 F.3d at 1305.  <u>Shinyei</u>, however, was a post-litigation APA action brought by parties injured by government action, not an action by the government to correct its own errors.  Further, there is no discussion of any permanent injunction in <u>Shinyei</u>, and any preliminary injunction would have dissolved.  In this case, the "preliminary" injunction was still in place.  The court's final judgment issued after the putative liquidations occurred.

because it avers defendant should not benefit from its own wrongdoing.  Plaintiff, however, offers no evidence that in regard to the liquidations at issue defendant had any improper purpose or was even negligent, and does not contest that defendant acted promptly to correct its error. Certainly, private party defendant-intervenors did nothing warranting loss of the beneficial results of litigation.  The court sees no reason to deny defendant and defendant-intervenors the benefit of the court's equitable power to restore the order required by the court's injunction.  All things being otherwise equal, a void liquidation is void for all purposes.

## CONCLUSION

Upon consideration of the defendant's motion to reliquidate certain entries of subject merchandise, and plaintiff's response thereto, it is hereby:

ORDERED that the defendant's motion is granted; and further, permanently

ORDERED that the entries shall be liquidated in accordance with the final court decision as provided in 19 U.S.C. § 1516a(e) (2000), notwithstanding the provisions of 19 U.S.C. § 1504(d) (2000 & West Supp. 2006), as previously ordered; and

ORDERED that the Bureau of Customs and Border Protection shall liquidate or reliquidate the inadvertently "liquidated" entries in accordance with the court's final judgment dated February 22, 2006.

/s/  Jane A. Restani
Jane A. Restani
Chief Judge

Dated this 27th day of June, 2006.
New York, New York.